UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                     Case No. 09-20414

v.

                                     Hon. John Corbett O'Meara

TOM GJOKAJ,

       Defendant.

_____/

### ORDER DENYING MOTIONS TO CORRECT
### SENTENCE AND FOR BOND PENDING APPEAL

Before the court are three motions filed by Defendant Tom Gjokaj: (1) motion to reconsider and correct sentence, filed January 22, 2013; (2) *in camera* motion for bond pending appeal, filed January 28, 2013; and (3) second *in camera* motion for bond pending appeal, filed April 2, 2013.

### I.     Motion to Reconsider and Correct Sentence

On January 15, 2013, the court sentenced Defendant to one year and one day in prison for the offense of bank fraud, aiding and abetting. The judgment also provides for restitution in the amount of $746,000 "due immediately, balance due in accordance [with] F below." Section "[F]" provides: "Special instructions regarding the payment of criminal monetary penalties: **The defendant shall make monthly installment payments on any remaining balance of the restitution and special assessment at a rate and schedule recommended by the probation department and approved by the court.**" Judgment at 6 (emphasis in original).

Defendant contends that there are errors in the sentence that require correction pursuant to Fed. R. Crim. P. 35(a), which provides that "[w]ithin 14 days after sentencing, the court may

correct a sentence that resulted from an arithmetical, technical, or other clear error."

Specifically, Defendant argues that the statement in the judgment that the restitution "lump sum

payment" is "due immediately" is contrary to the court's statement at sentencing that the

restitution be paid in monthly installment payments. As noted above, however, the judgment

itself provides that Defendant shall make monthly installment payments at a rate and schedule

recommended by the probation department and approved by the court. There is no error or

inconsistency between the court's pronouncement of the sentence and the judgment.

Defendant also argues that the court erred in imposing a custodial sentence. This is not

the type of "arithmetical, technical, or other clear error" that may be corrected pursuant to Rule

35(a). See United States v. Arroyo, 434 F.3d 835, 838 (6th Cir. 2006). As the Sixth Circuit has

noted, the "authority conferred by Rule 35(a) to a district court is extremely limited. The rule 'is

not intended to afford the court the opportunity to change its mind about the appropriateness of

the sentence. . . .'" Id. Because Defendant has failed to identify an error subject to correction

pursuant to Rule 35(a), the court will deny his motion.

## II.    Motions for Bond Pending Appeal

Defendant also seeks bond pending appeal, pursuant to 18 U.S.C. § 3143(b). Upon a

conviction and sentence, a defendant shall be detained pending appeal unless the court finds that

he is not a flight risk or a danger to the community and that "the appeal is not for the purpose of

delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order

for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced

sentence to a term of imprisonment less than the total of the time already served plus the

expected duration of the appeal process." 18 U.S.C. § 3143(b)(B).

-2-

Defendant is appealing his conviction based upon three grounds: (1) the court's refusal to grant severance from his co-defendant, James Wiese; (2) the court's refusal to admit certain evidence regarding John Veraldi; and (3) the court's dismissal of Juror #3. The court has considered these issues and is not persuaded that they present a "substantial question" likely to result in reversal or a new trial. After considering the issue several times, the court did not find that a joint trial would compromise a specific right of Gjokaj. See Docket Nos. 108, 182. Given the overwhelming evidence that Gjokaj submitted 23 false mortgage loan applications, the court also found that "it is not clear to the court how Veraldi's alleged involvement in the scheme would serve to exculpate him or assist his cause." Docket No. 181 at 2. The court further found that the dismissal of Juror #3 did not provide a basis for a mistrial. See Docket No. 182.

In light of the evidence against Gjokaj, the court finds it unlikely that any of the presented errors would be considered sufficiently prejudicial to warrant reversal or a new trial. Therefore, the court will deny Gjokaj's motions for bond.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to reconsider and correct sentence [Docket No. 280], motion for bond pending appeal [Docket No. 309], and second motion for bond pending appeal [Docket No. 311] are DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  May 31, 2013

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 31, 2013, using the ECF system.


                                    s/William Barkholz
                                    Case Manager